People v Viola
2026 NY Slip Op 03534
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL VIOLA, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
255 KA 23-00101
Present: Montour, J.P., Ogden, Greenwood, Nowak, And Hannah, JJ.

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Onondaga County Court (Gordon J. Cuffy, A.J.), rendered October 3, 2022. The judgment convicted defendant, upon a jury verdict, of menacing of a police officer or peace officer (three counts), criminal possession of a weapon in the third degree (two counts) and menacing in the second degree.
[*1]
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment that convicted him, upon a jury verdict, of three counts of menacing a police officer or peace officer (Penal Law § 120.18), two counts of criminal possession of a weapon in the third degree (§ 265.02 [1]), and one count of menacing in the second degree (§ 120.14 [1]).
Defendant contends that the verdict is against the weight of the evidence. However, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant raises several contentions regarding his various CPL 30.30 motions; however, as defendant notes, County Court did not rule on those motions, and the court's failure to rule on defendant's CPL 30.30 motions cannot be deemed a denial thereof (see People v Baker, 229 AD3d 1324, 1328 [4th Dept 2024]; People v Session, 206 AD3d 1678, 1682 [4th Dept 2022]; see generally People v Concepcion, 17 NY3d 192, 197-198 [2011]). We therefore hold the case, reserve decision, and
remit the matter to County Court for a determination on the motions (see generally Baker, 229 AD3d at 1328; Session, 206 AD3d at 1682).
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court